■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HERBERT KATT, Appellant.— Appeal by defendant from a judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn, rendered May 2, 1962 after a nonjury trial, convicting him of sodomy as a misdemeanor and imposing sentence (Penal Law, § 690). Judgment reversed on the law; information dismissed; defendant discharged; and bail exonerated. No questions of fact were considered. In the information the defendant, a male adult, is charged with carnally knowing another male adult " by and with the mouth, under circumstances not amounting to Sodomy in the First Degree or Sodomy in the Second Degree." The defendant's conviction is based on proof showing that he was a voluntary pathic participant in an act of oral sodomy. At the time of the commission of such act (Sept. 28, 1961) and at the time of the trial and the adjudication of guilt (April 2, 1962), the voluntary participation of the pathic or fellator — the one who permits another's penis to be placed into his mouth — did not constitute a crime under section 690 of the Penal Law *(People v. Randall,* 9 N Y 2d 413, affg. 11 A D 2d 270; *People v. Maggio,* 16 A D 2d 820). Hence, as a matter of law, the judgment must be reversed and the information dismissed. It may be noted, however, that seven days after this defendant was tried and found guilty, the Legislature amended section 690 of the Penal Law so as to abrogate the then existing distinction between the voluntary pathic participant or fellator and the other participant, and so as to render both equally guilty (L. 1962, ch. 378, eff. April 9, 1962; Penal Law, § 690, subd. 5, as amd.). Although the defendant was not sentenced until May 2, 1962, nevertheless, since the amendment postdated his trial and conviction, his rights must be determined without regard to the amendment (cf. *People v. Blume,* 12 N Y 2d 705; cf. *People v. Konono,* 9 N Y 2d 924). Nor may defendant's conviction be sustained on the theory that in any event he voluntarily aided and abetted the other participant or invited the fellatorism, and thus committed a misdemeanor under sections 2, 27 and 1936 of the Penal Law. True, in the *Randall* case the defendant's conviction of a misdemeanor was upheld on that theory (see pp. 420–421); but it was upheld because the indictment there specifically charged the defendant with having " aided and abetted " the active participant in the sodomous act (see 11 A D 2d 270). Here, there is no such allegation or charge in the information. In the absence of such allegation or charge, the information may not now be enlarged to include it and to permit the defendant's conviction of a misdemeanor (cf. *People v. McGuire,* 5 N Y 2d 523, 526). Kleinfeld, Christ, Hill and Hopkins, JJ., concur; Beldock, P. J., dissents and votes to affirm the judgment, with the following memorandum: The majority interprets the *Randall* case (*People v. Randall,* 9 N Y 2d 413) to hold that, as the statute then read, its reference to "one who carnally knows" another was intended to confine its operation exclusively to the one who uses his penis in the commission of the sodomous act. Even if it be assumed that such interpretation is correct, it

should be noted that the holding is applicable only to a case where the defendant is charged with sodomy as a felony; it is only in such a case that the voluntary recipient or pathic is absolved. That was not *Randall's* only holding, however. It also held and, indeed, it emphasized that the voluntary pathic is guilty of a misdemeanor if the proof shows that he has voluntarily submitted himself or has otherwise aggressively instigated, solicited or initiated the sodomous act. The undisputed proof here shows that defendant's conduct was of that kind: he, on his own initiative, unzippered the trousers of the other male; he, the defendant, exposed and manipulated the other male's penis; and he, the defendant, placed his mouth over it. Under such circumstances, he was clearly guilty of a misdemeanor within the dual holding of the *Randall* case. It is also my opinion that the information here was sufficient to apprize the defendant of the fact that he was being charged with the commission of sodomy as a misdemeanor, since the information expressly stated that the defendant committed the sodomous act "under circumstances not amounting to Sodomy in the First Degree or Sodomy in the Second Degree."